# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| **WILLIE CLAUDE COLBERT,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:18-cv-00024-TES-CHW** |
| **Sheriff LEWIS WALKER,** *et al.*, | |
| *Defendants.* | |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Plaintiff Willie Claude Colbert, a prisoner in the Crawford County Sheriff's Department in Roberta, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. *See* [Doc. 1]. He also moved for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). *See* [Doc. 2]. The United States Magistrate Judge previously granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee. *See* [Doc. 5]. Thereafter, Plaintiff paid the initial partial filing fee.

Accordingly, the Magistrate Judge conducted a preliminary review of Plaintiff's complaint and found that the complaint, as drafted, did not include sufficient factual allegations to state a claim for relief. *See* [Doc. 6]. As a result, the Magistrate Judge ordered Plaintiff to recast his statement of claims so that the Magistrate Judge could determine whether Plaintiff's complaint would be allowed to proceed for further factual

development. [*Id.* at 5-11]. The Magistrate Judge gave Plaintiff 21 days to recast his statement of claims and cautioned Plaintiff that his failure to do so could result in the Court dismissing Plaintiff's complaint. [*Id.* at 11].

Thereafter, Plaintiff did not comply with the order to recast his statement of claims. The Magistrate Judge therefore ordered Plaintiff to respond and show cause why his complaint should not be dismissed for failure to comply with the previous order. *See* [Doc. 7]. The Magistrate Judge cautioned Plaintiff that his failure to respond would result in the Court dismissing Plaintiff's action. [*Id.* at 2].

To date, Plaintiff has not responded to the order to show cause. Moreover, the United States Postal Service returned, as undeliverable, the copy of the Court's Show Cause Order [Doc. 7] that the Clerk mailed to the Crawford County Sheriff's Department, the only address the Court has on file for Plaintiff. *See* [Doc. 8]. Plaintiff's failure to notify the Clerk of Court of a change in address constitutes a failure to prosecute his claims, and insofar as this Court has no information regarding Plaintiff's current whereabouts, this action cannot proceed.

Thus, because Plaintiff failed to comply with the previous orders or to otherwise prosecute his case, his complaint is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or

failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 31st day of May, 2018.

<u>**S/ Tilman E. Self, III**</u>
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT